DARIUS PRATHER, appellant, *v.* GEORGE VINEYARD, appellee.

*Appeal from Fulton.*

A demurrer to pleas, which purport to answer the whole declaration, will not be carried back and sustained to the declaration, if it contain some good counts.

An agreement by two persons for the use and benefit of a third, upon which such third person may maintain an action against the party promising, is not such an undertaking to pay the debt of another as will bring it within the Statute of Frauds.

Evidence tending to prove issues made by the pleadings, is proper to go to the jury.

If a written instrument is neither set out in the pleadings by its tenor, nor described by its legal import, but is merely brought forward to sustain an allegation not referring to it expressly in any way whatever, a variance will not be fatal, if the substance of what is alleged be proved.

ASSUMPSIT, in the Fulton Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Norman H. Purple and a jury, at the March term 1847, when a verdict was rendered for the plaintiff below for one hundred and fifteen dollars.

The substance of the pleadings and evidence will appear in the Opinion of the Court.

---

*This case was argued and decided at the December Term, 1846, but the Opinion was not filed until the present term.

*W. A. Minshall,* for the appellant, assigned the following errors:

1. The Court erred in sustaining the demurrer of plaintiff to the fourth and fifth pleas of defendant, and in refusing to sustain the same demurrer to the first, second, and third counts of the plaintiff's declaration.

2. Also, in overruling defendant's objection to the paper purporting to be a receipt for certain notes, dated Oct. 27th, 1842, and permitting the same to be read in evidence.

3. Also, in refusing defendant's motion to exclude the parol evidence of plaintiff, offered as proof of the original indebtedness of Reason Prather to the plaintiff, when it appeared that better evidence was attainable.

4. Also, in giving the instructions asked by plaintiff, and objected to by the defendant.

5. In refusing instructions asked for by defendant.

6. Also, in qualifying and giving as qualified by the Court, the second instruction asked by defendant and in refusing to give the same without such qualification.

7. Also, in refusing the defendant's motion for a new trial.

8. Also, in refusing defendant's motion in arrest of judgment.

9. And in giving judgment for the said George Vineyard, when by the law of the land judgment should have been given for the said Darius Prather.

For going back to the declaration, see *Doyle* v. *Knapp*, 3 Scam. 338; *Berry* v. *Savage,* 2 do. 261; Stephen's Pl. 120, 145, 146.

As to the consideration necessary to support the action, see 1 Saunders, 211, note *b;* Saund. Pl. & Ev. 51; Stephens' N. P. 240; *James* v. *Harvey,* Yelv. 50; 2 Verm. 45; S. P. *Cross* v. *Rogers,* Strange, 592, recognized and acted on in *Price* v. *Easton,* 4 B. & Ald. 433; Buller's N. P. 134; *Thorn* v. *Deas,* 4 Johns. 99, 102; *Powell* v. *Brown,* 3 do. 100; *Burnet* v. *Briscoe,* 4 do. 237; *Bailey* v. *Freeman,* Ib. 280, 284.

See *Hard's* case, 1 Salk, 23; *Miner* v. *Schulthorp,* 2 Campb. 215; Saunders on Pl. & Ev. 545–46; 1 Saund. 211,

note 2; Wheaton's Selw. 35, 36; 1 Saund. Pl. & Ev. 137; Com. Dig. action of *Assumpsit*, Letter H. 3; *Jones* v. *Ashburnham*, 4 East, 455. The promise must be co-extensive with the consideration. *Raven* v. *Hughes*, note *a.* cited in *Mitchin* v. *Huston*, in 7 T. R. 348, 352; 1 Stephens' N. P. 284. On a guaranty or promise to pay the debt of another, the declaration must be special. The common counts will not suffice. Saund. on Pl. & Ev. 546; 3 T. R. 24; 4 Johns. 382–384; *Conly* v. *Cottle*, Bre. 286; 1 Strange, 592; 2 do. 933; *Charter* v. *Beckett*, 7 T. R. 201. In this case it was held, that a parole promise to pay the debt of another, and do some other thing, was void by the Statute of Frauds for the whole. The two acts cannot be separated.

If the case made in the declaration is not a collateral undertaking, but original, it must spring out of a new transaction, or move to the party promising on some fresh and substantive ground of a personal concern to the defendant, upon a sufficient legal consideration. Roberts on Frauds, 232. And the counts are equally faulty, in not setting forth a sufficient consideration for such a promise.

If the undertaking was voluntary, and to be done without compensation, the principle applies, that when one party entrusts the performance of a business to another who undertakes to do it gratuitously and wholly omits to do it, the party undertaking is responsible for a misfeasance but not for a non-feasance even though special damage is averred. *Thorn* v. *Deas*, 4 Johns. 96, 102.

If the consideration be passed at the time of the promise, the act done, which is the consideration, must be stated to have been done upon the request of the party promising. *Livingston* v. *Rogers*, 1 Caines, 586; *Parker* v. *Crain*, 6 Wend. 647; 1 Saunders, 264, note 1; *Comstock* v. *Smith*, 7 Johns. 88, 89; *Francisco* v. *Wright*, 2 Gilm. 691.

If the depositing of the notes with Darius Prather is the act relied on to create an implied assumpsit, by legal implication that assumpsit would be to Reason Prather, and not to Vineyard, and Vineyard cannot maintain the action on the principle, that when the party to whom the promise to be per-

formed is not concerned in its meritorious cause, he cannot bring the action. There is no privity between them, nor is there in this case between Vineyard, the plaintiff below, and Darius Prather, the defendant there. *Pine* v. *Morris,* Bull. N. P. 134.

To maintain the second error assigned, he cited the following authorities: *Connelly* v. *Collett,* Bre. 286; *Stickney* v. *Cassell,* 1 Gilm. 420, 421; *Churchill* v. *Wilkins,* Durnford & East, 447. Defendant also moved to exclude the evidence.

The contract declared on and set out in the declaration is in the alternative. The proof, if it shows any case, is one different, and in this the allegation and the proof are different.

*A. Williams,* and *H. M. Wead,* for the appellee.

The plaintiff's attorney has misapprehended the nature of the undertaking for which the suit was brought. It was not a promise to answer for the debt or default of another, but an undertaking to collect certain notes delivered to him for that purpose, and to pay the money when collected to the defendant. This view of the case disposes of all the objections that the promise should be evidenced by writing expressing the consideration of the writing.

It is contended that the plaintiff's undertaking was without consideration and consequently void. The true rule applicable to cases like this is, that a mere promise to do a thing for another without consideration, without entering upon its performance is a *nudum pactum,* and void; but if the person making the promise enter upon its performance, he is bound to execute it faithfully, and may be sued for failing to do so. It is then a misfeasance and not merely, non-feasance. Story on Bailments, §§ 170, 180. So in this case, the plaintiff having entered upon the performance of the trust by receiving and receipting for the notes, was bound to execute it.

It is again insisted, that the promise of the plaintiff to pay the money when collected, to the defendant, being made to his defendant's debtor, and not to him in person, the defendant therefore could not maintain an action on it. The rule established by the American and modern English cases is, that

the party, for whose benefit a contract is made, may sue on it in his own name. *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139.

Without noticing in detail the many objections made to the ruling of the Court in giving and refusing instructions, it is enough to say, that the law was as fairly stated to the jury as it was possible to do through the medium of the instructions prepared by the attorneys in the case.

The affidavit discloses no sufficient ground for granting a new trial.

The Opinion of the Court was delivered by

PURPLE J.* This was an action of *assumpsit*, commenced in the Fulton Circuit Court by the appellee against the appellant.

The declaration contains three special counts, and the common count for money had and received.

The first count charges that one Reason Prather, being indebted to plaintiff below, (who is appellee in this Court,) in the sum of one hundred and fifty dollars, for the purpose of paying the same, deposited in the hands of the defendant below, (appellant in this Court,) certain notes, describing them, for collection; and that appellant promised to collect said notes within a reasonable time and pay over the proceeds to appellee, *or* return said notes to said appellee on demand. And the count contains an averment that such reasonable time had elapsed, and that the said notes, and the proceeds of the same had been demanded; that the money had not been collected nor paid to appellee, nor the notes returned, and that his debt remained unpaid.

The second count states in substance, that Reason Prather was indebted to appellee in the sum of one hundred and fifty dollars, and being so indebted, placed in the hands of appellant certain notes, describing them, and that appellant, in consideration of the premises, promised the appellee to col-

*WILSON, C. J. and DENNING, J. did not sit in this case.

lect the notes and pay over the same to him in a reasonable time; that a reasonable time has elapsed, that the notes had not been collected and the money paid to the appellee, although they might have been by the exercise of due diligence; and that Reason Prather had not paid the said debt of ℓ 150.

The third count alleges the indebtedness of Reason Prather as in the first and second counts, and that the notes were placed by Reason Prather in the hands of appellant, in part payment of said indebtedness; and that appellant, in consideration of the premises, promised the appellee to collect the same, and pay the money to the appellee on demand; that appellant did collect the money, but refused to pay it to appellee.

The appellant pleaded,

1st, *non assumpsit;*

2nd, that the promise was to pay the debt of a third person, and, that there was no note or memorandum in writing, signed by the party to be charged. Replication, that there was a sufficient note or memorandum, &c.; concluding to the country, upon which issue was joined;

3rd, that the notes were deposited in the hands of appellant without any contract for their collection, and were afterwards returned to Reason Prather at his request. Replication, that there was a contract between appellant and appellee at the time the notes were deposited with appellant in relation to their collection, concluding to the country, upon which issue was joined;

4th, that appellant returned the notes to Reason Prather, who collected them; and

5th, that it was not in appellant's power to collect the notes.

A general demurrer to the fourth, and a special demurrer to the fifth plea, stating for cause of demurrer that said fifth plea amounted only to the general issue, was interposed, which was sustained by the Court, and the appellant abided by his demurrer. The cause was tried by a jury. The appellee offered in evidence, and read to the jury a receipt, in the words following:

"Received of R. Prather, a forty five dollar note on Enoch Stewart One for thirty dollars One on Gabriel & Abraham Hollingsworth for ten dollars Charles Richardson ten Calvin Joins thirty dollars left in the house of Darius Prather for collection of which I do agree to pay George Vineyard when collected given under my hand October 27th 1842.

Darius Prather."

To the introduction of this receipt in evidence, appellant objected, and excepted to the opinion of the Court.

The evidence on the part of the appellee then showed, that appellant admitted that Reason Prather, at the time the receipt was given, was indebted to appellee in the sum of one hundred and fifty dollars upon a promissory note which was not produced at the trial. And the counsel for the appellant objected to the admission of any evidence of such indebtedness, unless the note was produced, which objection was overruled, and an exception taken to the opinion of the Court.

The appellee's evidence further showed that the notes, or the money due upon them, had been demanded of appellant before the commencement of the suit. It further appeared from conversation between the parties, which occurred at the time the demand was made, that appellant had returned the notes to Reason Prather, who had collected some or all of them; and that appellant contended at this time, that he was not bound to collect the notes, unless he received a power of attorney from Reason Prather to do so; and in another conversation with one of the appellee's witnesses, in which appellant admitted that he was to collect the money due on the notes and pay the same over to the appellee; he further stated that the original contract was between him and Reason Prather, and, that there never was any contract between him and appellee about the notes; and, that he was acting only as the agent of Reason Prather, and for the purpose of obliging him.

Numerous instructions were asked by the counsel on either side, some of which were given and others refused. As applicable to the case made by the evidence, the Court perceive no substantial legal objection to the instructions; but as the

decision must turn upon another question, we deem it unimportant to notice them particularly, or to express any definite opinion as to the propriety of their being given or withheld.

The jury returned a verdict in favor of the appellee. The appellant moved for a new trial and in arrest of judgment, which motions were overruled, and appellant excepted.

The ruling of the Circuit Court in sustaining the demurrer to the fourth and fifth pleas of the appellant was unquestionably correct; and this demurrer could not, as is contended by the appellant's counsel here, have been carried back and sustained to the declaration, for the reason that the first, third and fourth counts thereof set forth, each, a good cause of action against the appellant.

The Court is of opinion also, that the evidence of the appellee was sufficient to warrant the verdict of the jury, provided the same had been applicable to the counts of the declaration, or either of them last above mentioned. But upon examination, it will be found that such is not the case. The declaration makes one case and the evidence another. The allegations and the proof do not substantially correspond.

The allegation in the first count is in the alternative, that appellant promised to collect the notes, or return them on demand. The evidence is that he promised to collect only and pay over. This is a fatal variance. 1 Phil. Ev. 206, 208; 2 do. 509, note 401.

The third count alleges that Reason Prather deposited the notes with appellant in payment of his indebtedness to appellee; in consideration of which, he, appellant, promised appellee to collect the same and pay the money to appellee; and that he did collect the same, but refused to pay the money to appellee. The fourth is for money had and received. To support these two last counts there is no evidence whatever.

The second count is considered defective, for the reason that it is not stated that the notes were deposited with appellant for the use, or to be collected for the appellee.

For these obvious reasons a new trial should have been granted.

The Statute of Frauds, which has been pleaded and set up

in this action, is entirely inapplicable to the case made by the evidence. If the notes were left with the appellant by Reason Prather to be collected to pay a debt due to the appellee, and the appellant undertook the collection of the same, and promised to pay over the money when collected to appellee, this is no undertaking to pay the debt of a third person within the spirit or letter of the Statute of Frauds; but it is an agreement by two persons for the use and benefit of a third, upon which such third person may maintain an action against the party promising, without proof of any written memorandum or consideration moving between the promissor and the party for whose benefit the contract has been made. It is a trust, which having once undertaken to execute, and entered upon the performance of the same, although voluntarily and without consideration other than such as the law implies, he is bound in law and equity to complete.

We do not perceive that the evidence objected to was improperly admitted. It tended to prove the issues which had been made.

The receipt signed by appellant describes a portion of the same notes described in the declaration as having been placed in his hands for collection. The suit is not brought upon the instrument itself, nor does the declaration purport to set it out or describe it. It is introduced in the same manner as the testimony of a witness might be, as evidence of the promise made by the appellant to collect and pay the money claimed in the declaration. If an instrument is neither set out in the pleadings by its tenor, nor described by its legal import, but is merely brought forward to sustain an allegation, not referring to it expressly in any way whatever, a variance will not be fatal if the substance of what is alleged be proved. 2 Phil. Ev. C. & H. notes, 528; 1 Starkie's Ev. 432. It was also competent for the appellee to prove the indebtedness of of Reason Prather to him by the admission of the appellant. The suit was not upon the note which had been given for this indebtedness. The promise to collect and pay the money, and not the indebtedness of Reason Prather, was the gist of the action.

.The general rule, that the best evidence must be given of which the nature of the thing is capable, has its exceptions. "To prove a plaintiff's demand satisfied, the defendant may give evidence of an admission by the plaintiff to that effect, though it should appear that the plaintiff also signed a receipt; and it may be said the receipt would be more satisfactory proof." 1 Phil. Ev., 220.

"The acknowledgment of a defendant that he entered upon premises under an executory contract of purchase from the plaintiff, may be proved without producing the written agreement; and such acknowledgment will have the effect of preventing the defendant from contesting the plaintiff's title."

"In an action against a sheriff for the misfeasance of his deputy, the admission of the sheriff is sufficient evidence of the deputation, without producing the deputation or warrant under which he acted." 2 Phil. Ev., C. & H. notes, 556-7.

This is not an attempt to prove the contents of a written instrument by verbal testimony, but an offer merely to prove a fact, which existed as well before as after the note had been given; that Reason Prather was indebted to the appellee. As between Reason Prather and the appellee, the note would be the best evidence of this fact. But as between the appellant, who was a stranger to the contract, and the appellee, the note, if produced, would be but an acknowledgment of Reason Prather that he was indebted to appellee in that amount; and it would be a most unreasonable rule of law, which would not regard the admission of a party to a suit as high authority in law, and as conclusive in its effects in evidence against the party making it, as the written declaration or statement of a third person.

The judgment of the Circuit Court is reversed with costs, and the cause remanded with directions to that court to award a *venire de novo.*

*Judgment reversed.*